May it please the Court, Charles Bonneau, appearing for Appellant Garyon Nettles. One of the unintended side effects of California's three strikes law is that it has illuminated some corners of California jurisdictions that don't ordinarily receive high court attention. In this case, we're looking at a bad checks case, a matter which seldom comes before the high court. It was last reviewed by the California Supreme Court in 1966. It has, that is, bad checks charges have in common with all false document cases under the common law throughout the United States in state and federal jurisdictions a single gravamen, a common element, which is the intent to defraud. They are different from theft cases. That is to say, each writing is a separate offense. The analogy under the federal rule is found in Federal Rules of Criminal Procedure 8A, and it requires that distinct prohibited acts must be alleged in separate counts. If there is an aggregation at the charging stage of separate criminal acts, particularly false documents, then the defendant can object to the charging document as duplicitous. Thus, there is a common law rule against charging aggregation. This is the background. This is the common law seedbed out of which this case arises. This is not a case in which there was a well-established exception. Indeed, there is no exception. None of the pleadings and the many times that we've briefed and argued this, has the state been able to cite to a single case in which aggregation at the charging stage is permitted under California law. It hasn't happened until this case. And it's more than suspicious that tactically, in this situation, what the state wishes is one felony conviction. They say, well, the defendant's jumping out of the frying pan into the fire. He's going to be convicted of multiple felony offenses. If that were true, if that were a realistic threat, undoubtedly that's how it would have been charged. But that's not a realistic threat. The realistic concern for the prosecution and for the defendant here was that he suffer one felony conviction, period. That was enough to trigger a 25-to-life sentence. It will put him in prison for the rest of his natural life. Okay. Go ahead. What do you make of this provision under Penal Code 476A, subpart B? Yes. Doesn't it specifically permit aggregation? No. To make it a felony? No, it doesn't. Why not? What it permits is aggregation at sentencing. Okay. Now, if I had the volumes up here, it's – I don't want to make this sound too simplistic, but I've made this argument over and over again, and it hasn't been recognized. But there's a – for instance, there's a Federal Criminal Code. There are Federal sentencing guidelines. They're in two different books. One forbids aggregation. It doesn't address just the matter of the amount of sentence, but it really permits sentencing as a felony. No. Why not? I'm sorry. You said sentencing as a felony. It says, right, if the – if the total amount of the checks does not exceed $200, the offense is punishable only by imprisonment in the county jail. Excuse me. You said sentencing as a felony, and that's absolutely true. The case that came before the California Supreme Court, the gentleman was charged with multiple check counts. He was acquitted on six counts. Then the court permitted aggregation at sentencing. That's okay. That's in the Federal sentencing guidelines, Part 3D. That's after you've been convicted. You know, the Apprendi case came up while we were briefing this. This is all the more important now to say that we have not received a jury trial on these essential individual counts. Counsel, how about beeper? It says if the total amount of all such checks, drafts, or orders that the defendant is charged with and convicted of. What do you make of that language? I would underline and convicted of. But how about charged with? That doesn't work. It's not enough. You can't make a felony count out of any single check or any aggregation of checks until he's been convicted. So you're saying that California Penal Code section violates Apprendi? Is that your argument? It's, you know, this case violates Apprendi, but it's the only one. This statute works fine. It's applied every day in thousands and thousands of cases, and it doesn't violate anything. But if the statute is applied in this case, you're saying? In this case, there's a different goal. In this case, there's a goal of sentencing this man to prison for life on a single felony count. So all of a sudden, we have charging aggravation. That's never occurred, and it's not authorized by the statute. The state court, and they're going to, I'm sure, take refuge under the ADPA, that this is just a matter of state court concern, and the federal court should stay out of it. That's what was said in the lunch counter cases. The federal court has a responsibility to safeguard that this kind of thing doesn't happen. How about cases like People v. Kennedy that seem to say that that account alleging the issuance of all checks is correct under California law? You don't think that case law supports that? Has that been cited? If it's been decided by the California Supreme Court, it's kind of binding on us, isn't it? I haven't seen that cited to this point, but I can urge the court to take a more careful look at it, whatever it purports to say, because the old case, the 1962 case, California Court of Appeals does. Well, evidently, someone on your staff came up with something that the Attorney General didn't find. Wonderful law clerks, and I'll say that for the record. About that era, there was a case called Bailey, which was decided by the Supreme Court and which permitted aggregation of theft cases. In other words, you can steal a number of items from one individual, one victim, and under Bailey, those can be aggregated. Whereas in the document cases, those distinguished Bailey, and I've cited a number of them, that said that does not apply where you have false documents. Each of them is a separate offense. This aggregation for sentencing is a red herring. It's a sentencing provision. It is not a charging provision. It's never been applied as a charging provision, and I've cited and relied on this court's recent decision in Webster, because it permits this court to ask whether the state court is actually changing its law in a silent or creeping fashion to achieve the same end, whereas in Webster's case, the state court is saying, well, we're changing the law. We don't need written notice anymore from here on, and you're guilty. Kennedy, which Judge Rawlinson just mentioned, is cited favorably by the California Supreme Court in Henry Dick, which was decided in 1966, right, which seems to approve this charging as a felony. Well, Dick is relied on by the attorney general. Dick would trump whatever came before it. Okay, if Kennedy was one of the cases that led up to Dick, then I would say that that's been overshadowed or precluded, because Dick was answering a question that was left open by prior cases. How do we aggregate, once we have somebody convicted of all these offenses, how do we calculate the number of cases? How do we calculate the sentence? And Dick set forth the template. Number one, though, and this is what we seem to skip the second base here without touching first. Number one is you've got to convict the guy. Now, Dick was acquitted on six counts. You cannot read any case that came prior to Dick to authorize sentencing or charging aggregation, because it was not authorized in the Dick decision. I've run out of time. I have a little more to say, but... Thank you. And maybe you won't need it. Good morning. May it please the Court. I'm Charles Fennessy, Deputy Attorney General representing the State of California. As Petitioner has acknowledged, this is a case under AEDPA, and as he's already anticipated, federal habeas corpus proceedings do not lie generally for errors or alleged errors of state law. In this particular instance, the Petitioner has asserted repeatedly that there is some inherent prohibition of state law. And I'm wondering if you can comment on that. Well, I think it's a question of fair notice, isn't it, whether he's been given fair notice that he's going to be charged with this and tried on it? Isn't that the question, the constitutional question? I believe so, but it seems to be no constitutional issue, or at least the district court has not acknowledged that Petitioner has raised any state law which would prohibit aggregation, and does a reading of the statute suggest anything other than that they intended, that the legislative intent underlying this section was to permit aggregation? The genesis of the particular section is of some interest. Prior to 1982, I believe, this was the statute provided that it was a generic felony for passing a bad check. There was an exception then built into the statute which provided that in the event that the check was under $50, it would not constitute a felony. So the misdemeanor provision was an add-on to a statute which contemplated that the act underlying the statute, and perhaps at some point common law, was the passing of the bad check. That exception was increased, I'm sorry, it was increased from $50 to $200 in 1982. That's what we're dealing with now. In this particular circumstance, as observed by both the appellate court and federal district court, part of the argument is moot in that among the 20-some-odd checks that were charged, two exceeded the amount required by statute, and one of the two was one of the two exceptions. In this particular case, there were two checks which were submitted to the jury, testified upon, and there was evidence as to the acceptance of the check, the verification of the individual buying the check. This is the Sam's Club check for 1991? This is, I believe, the Costco check for $204.69, which kind of obviates the aggregation argument altogether. If the jurors accepted, and there was no reason for them to, with particularity, reject this check as opposed to any others, recall that the defense was an all-or-nothing defense. It was somebody stole the checks, I never received the checks, a guy would one-arm cook the checks out of the mailbox, I've never seen any of them. Now, doesn't that go to the failure to give the unanimity instruction? Aren't you now talking about that? I think not. I think if the jury accepted that he cashed any of the checks, they must have necessity. His argument was, I've never seen those checks. I've never seen them. But I thought that went to the question of unanimity, and on an all-or-nothing defense, he either wrote them all or he wrote none of them. Exactly. And if they found him guilty, then they must have concluded that he wrote them all. That's exactly our argument. There was an error in failing to give the unanimity instruction, but it was a harmless error. Precisely. But I think that's a little different from the charging violation that Mr. Bono, is that correct, Bono? Okay, argued, and maybe what he's arguing is that he had a state-created liberty interest in having these checks separately charged. And again, I was going back to the history of the statute wherein the offense was a felony for the passing of a bad instrument without regard to amount. The amount threshold was an exception to create a lesser penalty, and that lesser penalty was initially established with a $50 threshold, then increased to a $200 threshold. In any instance, there were, among these checks, two checks which exceeded $200. So once again, I'm not, frankly, entirely clear. Well, then now your theory on those two checks is one is Costco, the other is Sam's Club or something like that. Right. Yes. Okay. Now, your theory is because those two checks were included in the package of conviction. I'll call it right. Those two checks. Well, actually, there was evidence given to the jury as to only three checks. There were witnesses. We are three checks. Three. There was one for there was one to Costco for ninety three dollars, one to cheaper store for forty six dollars and seventy one cents. And one to Sam's Club for two hundred ninety dollars. That's one of the two checks over two hundred dollars. Correct. All right. Now, so if the jury convicted on that basis, that means that there's an independent felony basis without the aggregation because one check is more than the than the threshold for the felony. Precisely, Your Honor. And the other two checks would not add up to two hundred dollars. So of necessity, if they were viewing the evidence as to those three checks, they either accepted all three of them or they at least accepted the one that exceeded two hundred dollars because they could not have gotten to the two hundred dollar threshold without it. All right. I understand that argument. Unless there are any further questions, neither the third district court of appeal nor the federal district court were able to find any authoritative. All right. Indication that there was a prohibition against the legislature doing what it did in the creation of the statute. All right. Thank you. All right, Mr. It's not Bono, is it? No. All right. You've got a minute for both. But respond to that argument about. Well, the one check was more than the felony amount. So we don't need aggregation. Yes, I'm prepared to do that. First of all, there was no defense evidence at all. The defendant didn't testify. So this is not a question of accepting or rejecting defense evidence. The defense just put the prosecution on their burden of proof. That's all. Now, as far as it being moot because of one check, that's not the case. The Sam's Club check. That's where there was confusion at the cash register. There were a couple of people at the cash register at the same time. This lady was asked about the check. The cashier was asked one year later. She obviously didn't remember this because there was a conviction. So obviously the jury set that aside. Well, we don't know what the jury set aside. Because the other two checks on which the evidence was presented, you know, don't amount to 200. Well, so they had to know. Let me let me answer that. The the the handwriting expert. That's what he's talking about. He's he's talking about three checks in which one of which the handwriting expert was real sure about. But the but the others he was unsure about. He was not sure about the Sam's Club check. Not enough to say beyond a reasonable doubt. Now, maybe some jurors would have said, well, at least that check. We have a clerk. So I'm going to buy that one. Other jurors would say, no, I need a handwriting expert. I'm not going to convict unless this guy is clear. Other jurors are going to say, well, forget that. I'll look at the whole panoply of checks myself and decide they're going to get to use different routes to get to conviction on different checks. And if they're permitted and if there's no requirement of unanimity, then there is going to be no no unanimous verdict, particularly on a case like this where different kinds of proof are used for different checks. All right. Thank you. We understand your argument. All right. Thank you very much. And we thank both counsel. This case is submitted for decision. Being the last case on this week's calendar, we now stand in adjournment. All right. All right. All right. All right.
judges: Thompson, Tashima, Rawlinson